HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMANTHA RAJAPSKE,

    Plaintiff,

    v.

TRUEBLUE, PEOPLESCOUT.,

    Defendants.

Case No. 3:22-cv-5785-RAJ

**ORDER**

This matter comes before the Court on several motions by Plaintiff. For the reasons below, the Court **DENIES** the motions. Dkt. # 8, 15, 29, 54.

**I.     BACKGROUND**

In December 2021, *pro se* plaintiff Samantha Rajapakse alleges that she was employed as a remote contract worker for Defendants TrueBlue, Inc. and Peoplescout, Inc. Dkt. # 7 at 4. These companies aid as a recruiter for third-party clients. See *id*. Plaintiff alleges that she is diabetic and requires periodic visits to the doctor every three months. *Id*.

At some point early in her employment, Plaintiff alleges that she experienced ongoing computer issues and advised her supervisors. *Id*. at 5. She alleges that one of her supervisors remarked that Plaintiff was not qualified to do the job. *Id*. After experiencing additional computer issues, Plaintiff again spoke with her supervisors. *Id*. During this encounter, Plaintiff alleges that her supervisors became upset with her and placed a

ORDER – 1

disciplinary warning in her personnel file. *Id.* at 6.

Following this incident, Plaintiff alleges that she filed a grievance with Peoplescout. *Id.* Plaintiff further alleges that she was subjected to a hostile harassing environment after filing a complaint. *Id*. She alleges that her supervisors made comments in which she felt that they referred to her as "promiscuous." *Id*. She also alleges that she was left out of assignments and that management refused to speak with her. *Id*. Plaintiff alleges that she filed an EEOC complaint against TrueBlue and Peoplescout in February 2022. *Id*.

After filing the EEOC complaint, Plaintiff alleges that she continued to experience computer issues. *Id*. In April 2022, Plaintiff alleges that she was terminated unexpectedly and without reason. *Id*. She alleges Defendants have improperly reported to the EEOC and to other potential employers that Plaintiff is only on leave and has not been terminated. *Id*.

## II.     DISCUSSION

### A.     Motion for Court-Appointed Counsel

Plaintiff moves for court-appointed counsel. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the

ORDER – 2

standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a pro se litigant may be better served with the assistance of counsel is not the test). Plaintiff has not demonstrated that the merits of her case warrant the provision of counsel at this time.

Plaintiff offers few facts that suggest her case has merit. Plaintiff's motion indicates the Equal Employment Opportunity Commission ("EEOC") did not find reasonable cause to pursue this matter, although she has not attached that ruling. Dkt. # 8 at 2. While not dispositive, EEOC evaluations of an employment discrimination claim are considered probative of the merits for purposes of appointment of counsel. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319-20 (9th Cir.1981); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Plaintiff also does not appear to have exhausted her administrative remedies, as she suggests that she has pending inquiries and charges with the EEOC. Dkt. # 8 at 2.

Plaintiff has also not shown likelihood of success on her ADA claim. The allegations currently fail to show a causal link between her request for accommodation and the termination of her employment. *Trent v. Valley Electric Ass'n*, 41 F.3d 524, 526 (9th Cir.1994). Accordingly, the Court finds that plaintiff has not demonstrated a likelihood of success on the merits, and therefore declines to order the appointment of counsel at this time. Plaintiff's motion is **DENIED**.

### B. Preliminary Injunction

Plaintiff also moves for injunctive relief in which she seeks back wages and to enjoin Defendants from providing any information regarding her employment status Dkt. # 15 at 17-18.

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely

ORDER – 3

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374. All four factors must be satisfied for the Court to grant a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Defendant asserts that Plaintiff is unable to establish a likelihood of success on the merits of his claims or to demonstrate irreparable harm, and therefore, the Court should deny the preliminary injunction. Dkt. # 26. At the preliminary injunction stage, Plaintiff has the burden of proof. *Preminger v. Principi*, 422 F.3d 815, 823 n. 5 (9th Cir. 2005). In addition, because the function of a preliminary injunction is to preserve status quo pending determination of the merits, there is heightened scrutiny where a movant seeks to alter, as is the case here, rather than maintain the status quo. *Dahl v. HEM Pharms. Corp*., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are subject to heightened scrutiny).

In the employment context, discharge and its associated consequences do not ordinarily constitute irreparable harm, no matter how "severely they may affect a particular individual." *Sampson v. Murray*, 415 U.S. 61, 92 n. 68 (1974). "[E]xternal factors common to most discharged employees," such as insufficient savings or difficulties obtaining other employment, do "not support a finding of irreparable injury." *Id*. Plaintiff characterize harms associated with the loss of her employment as irreparable. Because these harms are common to loss of employment cases and are not extraordinary, Plaintiff's Motion is **DENIED**.

**C. Motion for Seal**

Plaintiff seeks an order protecting her employment integrity and other documents within her employment record, including financial and medical records. Dkt. # 29. While some of this information could potentially be sealed, Plaintiff's Motion is **DENIED** for (1) failing to confer with defense counsel prior to filing her motion as required by LCR 5(g)(3)(A), (2) failing to provide the Court with a specific description of the documents

ORDER – 4

she wants to be sealed and/or copies of the documents for the Court's consideration as required by LCR 5(g)(3)(B), and (3) failing to explain why the redaction requirements of LCR 5.2 would not provide a less restrictive alternative.

### D. Motion for Reconsideration

Plaintiff moves for reconsideration on her motion for default judgment. Dkt. # 54. Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Plaintiff's motion follows the Court's Order denying Plaintiff's motion for entry of default. Dkt. #37. That Order was premised on Plaintiff's failure to demonstrate that she had served Defendants in accordance with the requirements of Federal Rule of Civil Procedure 4. *Id*. The Court does not find a basis for reconsideration. Therefore, the Court **DENIES** the motion.

### III.  CONCLUSION

For the reasons below, the Court **DENIES** the motions. Dkt. # 8, 15, 29, 54.

DATED this 7th day of February, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5