UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA RAJAPAKSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRUEBLUE et al.,<br><br>　　　　　　Defendants. | CASE NO. C22-5785-KKE<br><br>ORDER ON PENDING MOTIONS |

This matter came before the Court on several motions by Plaintiff Samantha Rajapakse. Dkt. Nos. 32, 59, 61, 64, 78-79, 81-82.  For the reasons below, the Court DENIES the motions.

### I.  BACKGROUND

Ms. Rajapakse filed a complaint against Defendants TrueBlue and PeopleScout in November 2022 alleging various forms of employment discrimination based on age and disability. *See* Dkt. No. 7.  After filing and withdrawing a motion to stay (Dkt. Nos. 11, 13, 14, 22), Ms. Rajapakse filed a motion for preliminary injunction (Dkt. Nos. 15, 17), motion to seal (Dkt No. 29) and various exhibits.  Ms. Rajapakse also moved for default judgments on Defendants which the Clerk denied for lack of proper service.  Dkt. Nos. 51, 42.  Ms. Rajapakse filed a motion for

reconsideration. Dkt. No. 54. In February 2023, the Court resolved all these motions in a combined order. Dkt. No. 60.

The Court now addresses Ms. Rajapakse's motions to compel (Dkt. Nos. 32, 78, 79), motion to strike answer (Dkt. No. 69), motion to appeal (Dkt. No. 64), motion for leave to amend the complaint (Dkt. Nos. 78, 79), motion to seal (*id.*), and motions regarding the United States Attorney General (Dkt. Nos. 81, 82). The Court will discuss each pending motion in turn.

## II.   DISCUSSION

### A.   The Motion to Compel is Denied.

On January 12, 2023, Ms. Rajapakse filed a thirteen-page document labeled "Motion to Compel EEOC to Freedom of Information Act." Dkt. No. 32. The filed document appears to be a new complaint against TrueBlue D/B/A PeopleScout and the Equal Employment Opportunity Commission ("EEOC"). *Id*. The EEOC is not named as a defendant in the operative complaint. *See* Dkt. No. 7. Neither Ms. Rajapakse's effort to serve a summons on the EEOC (Dkt. No. 18), nor her excerpt of an email thread with the EEOC (Dkt. No. 45), nor modification of the caption to include the EEOC formally added the EEOC as a defendant to this action. To the extent Ms. Rajapakse seeks to amend her complaint to add the EEOC as a defendant now, her filing fails to comply with Local Civil Rule 15. *See infra* at § E(3). If Ms. Rajapakse seeks to compel the EEOC to produce documents or information, Ms. Rajapakse has not provided demonstrable evidence that she requested any information from the EEOC, as a defendant or a third party, thus the Court DENIES Ms. Rajapakse's motion to compel. Dkt. No. 32.

### B.   The Motion to Strike Defendants' Untimely Answer is Denied.

Ms. Rajapakse moves to strike Defendants' answer as untimely under Federal Rule of Civil Procedure 6(a) and Local Civil Rule 7.1. The Court's prior orders denying Ms. Rajapakse's request for entry of default against Defendants and denying her motion for reconsideration have

already resolved this dispute. *See* Dkt. Nos. 51, 60. Ms. Rajapakse ignores these Orders and continues to file letters, exhibits, appeals, and motions arguing Defendants' answer was untimely because it was filed more than 21 days after she emailed and mailed the complaint to TrueBlue's in-house counsel. *See* Dkt. Nos. 53–55. As this Court already ruled, Defendants' answer was timely. *See* Dkt. Nos. 51, 60. Accordingly, the Court DENIES Ms. Rajapakse's motion to strike Defendants' untimely answer. Dkt. No. 59.

**C.     The Motion to Recuse is Denied.**

On February 7, 2023, the same day the Court denied many of Ms. Rajapakse's motions, Ms. Rajapakse filed a motion under Federal Rule of Civil Procedure 24 seeking the intervention of Chief Judge David G. Estudillo and the recusal of Judge Richard A. Jones, who was previously assigned to this case. *See* Dkt. No. 61. Ms. Rajapakse also sent a letter to Chief Judge Estudillo requesting his intervention in this case. Dkt. No. 68. Because this case was subsequently transferred to a different judge, the motion to recuse Judge Jones and accompanying requests to Chief Judge Estudillo are DENIED as moot. Dkt. No. 61.

**D.     The Interlocutory Motion for Leave to Appeal is Denied.**

On February 15, 2023, Ms. Rajapakse filed a motion seeking permission to appeal the Court's order (Dkt. No. 60) under Federal Civil Rule of Procedure 9. Dkt. No. 64. Ms. Rajapakse filed multiple motions and appeals directed to the Ninth Circuit Court of Appeals and was assigned case numbers 23-35126 and 23-70087. Dkt. Nos. 65–67, 69, 70–72, 74–76. On June 29, 2023, the Ninth Circuit denied the relief requested in Ms. Rajapakse's appeal number 23-70087. Dkt. No. 77. And on September 7, 2023, the Ninth Circuit dismissed Ms. Rajapakse's 23-35126 appeal for failure to file an opening brief. Dkt. No. 84. The Court DENIES as moot Ms. Rajapakse's motion for permission to file an appeal because each of Ms. Rajapakse's appeals has concluded

and Ms. Rajapakse has not identified any remaining action needed from this Court related to those appeals.

**E.      The Motion for Leave to Amend, Motion to Compel Discovery, and Motion for Protection are Denied.**

On July 30, 2023, Ms. Rajapakse filed a 41-page combined motion identifying fifteen issues and seeking four categories of relief.[1]  Dkt. No. 78.  For the following reasons, the Court DENIES the combined motion on all points.

        1.  Objection to Defendants' Answer

Ms. Rajapakse's objection to Defendants' answer states substantive defenses to a hypothetical motion to dismiss under Federal Rule of Procedure 12(b).  *See* Dkt. No. 78 at 4–6.  Defendants have not filed a dispositive motion under any rule.  The Court therefore DENIES Ms. Rajapakse's objection as premature.

        2.  Motion to Compel TrueBlue

Ms. Rajapakse complains of various discovery violations by Defendants.  *See* Dkt. No. 78 at 6–12, 21–22.  Ms. Rajapakse recites court rules and standards for initial disclosures, expert testimony disclosures, pretrial disclosures, and trial preparation material.  *Id.* at 6–12.  She concludes by referencing Rule 37 and simply states, "The Defendants [have] failed to cooperate in discovery."  *Id.* at 12.  Later in the motion, Ms. Rajapakse lists requests for discovery and why they are relevant.  *Id.* at 21–22.  In response, Defendants argue they have not received any "formal" discovery requests.  Dkt. No. 80 at 6.

Because Ms. Rajapakse has not shown what discovery she requested from Defendants nor identified any deficiencies in Defendants' responses to the requests, the Court DENIES Ms. Rajapakse's motion to compel.  If Ms. Rajapakse files another motion under Federal Rule of

---

[1] Ms. Rajapakse filed a seemingly identical motion on July 31, 2023.  *See* Dkt. No. 79.  The Court will consider these two motions together but will only cite to the first-filed document.

ORDER ON PENDING MOTIONS - 4

Procedure 37 alleging Defendants have failed to cooperate in discovery, she must include a certification of good faith conferral as required by court rules. *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37(a)(1).

3. <u>Motion for Leave to Amend Complaint</u>

Ms. Rajapakse refers to amending her complaint throughout her combined motion. Dkt. No. 78 at 17–21, 24–31.

The deadline to join parties was February 10, 2023, and the deadline to amend pleadings was August 30, 2023. Dkt. No. 36. Ms. Rajapakse timely filed her request to amend her complaint. But she failed to comply with Local Civil Rule 15, which requires attaching "a copy of the proposed amended pleading as an exhibit to the motion or stipulated motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." This rule is not a mere technicality but an important requirement to help ensure the parties and the Court understand exactly what the movant seeks to amend. Without a copy of the proposed amended pleading to review, the Court cannot substantively evaluate Ms. Rajapakse's motion.

The Court DENIES the motion to amend the complaint without prejudice, subject to refiling in compliance with Local Civil Rule 15. Ms. Rajapakse may refile a motion to amend no later than October 13, 2023.

4. <u>Motion to Seal</u>

Ms. Rajapakse re-raises her request to seal certain medical records. Dkt. No. 78 at 12, 30, 40. Once again, the Court's prior order denying Ms. Rajapakse's December 25, 2022, motion to seal is instructive. Dkt. No. 60 (order denying the motion to seal); *see also* Dkt. No. 29 (motion to seal). There, the Court denied the motion to seal for "(1) failing to confer with defense counsel prior to filing her motion as required by LCR 5(g)(3)(A), (2) failing to provide the Court with a

specific description of the documents she wants to be sealed and/or copies of the documents for the Court's consideration as required by LCR 5(g)(3)(B), and (3) failing to explain why the redaction requirements of LCR 5.2 would not provide a less restrictive alternative." Dkt. No. 60 at 4–5. The same three defects are present in Ms. Rajapakse's new motion to seal. Accordingly, the Court DENIES the motion to seal.

    5. <u>Miscellaneous Requests</u>[2]

Under "Issue One," Ms. Rajapakse alleges the court has failed to appoint her a pro se coordinator "as required by the 2009 Pro se Committee Interm [sic] Report." Dkt. No. 78 at 3. This report states no such requirement; the document *recommends* appointing a pro se coordinator for each district, not each pro se litigant. *See* Ninth Circuit Pro Se Implementation Committee, Interim Report (2009).

  **F.**  **The Motions Related to the United States Attorney General are Denied.**

On August 27, 2023, Ms. Rajapakse filed a motion petitioning this Court to "order the United States Attorney General Department of Civil Rights and Criminal division to review the statements only related to false claims made to EEOC and Homeland Security."[3] Dkt. No. 81 at 13. On September 18, 2023, Ms. Rajapakse filed a 39-page document identified as both a new Motion and a Response. Dkt. No. 85. The Court construes this document as Ms. Rajapakse's reply brief (although untimely and overlength) because it also seeks "review of the United States Attorney General in criminal charges against TrueBlue and PeopleScout and all parties involved."[4] Dkt. No. 85 at 39. Because Ms. Rajapakse does not identify any statute, rule, or doctrine that

---

[2] Ms. Rajapakse does not identify what, if any, relief she seeks under "Issue Six," "Issue Ten," "Issue Eleven," or "Issue Fifteen." *See* Dkt. No. 78 at 13–17, 22–24, 31–38.
[3] Ms. Rajapakse filed a seemingly identical motion on August 28, 2023. *See* Dkt. No. 82. The Court will consider these two motions together, but will only cite to the first-filed document.
[4] Defendants filed a response brief acknowledging additional briefing was inappropriate while at the same time arguing the procedural and substantive failings of Ms. Rajapakse's reply, and requesting a status conference. Dkt. No. 89.

ORDER ON PENDING MOTIONS - 6

would give this Court the authority to order the United States Attorney General to take any such action, the Court DENIES Ms. Rajapakse's motions at Docket 81 and 82.

### III.   CONCLUSION

For these reasons, Ms. Rajapakse's motions (Dkt. Nos. 32, 59, 61, 64, 78-79, 81-82) are DENIED.  As explained herein, if Ms. Rajapakse wishes to refile her motion for leave to amend the complaint, she may do so in compliance with Local Civil Rule 15 no later than October 13, 2023.

Dated this 29th day of September, 2023.

Kymberly K. Evanson
United States District Judge